IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIVE AMERICAN ARTS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 952 |
| SPECIALTY MERCHANDISE CORPORATION ET AL, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss and motion in the alternative to transfer. For the reasons stated below, we grant the motion to transfer and deny the motion to dismiss as moot.

## BACKGROUND

Plaintiff Native American Arts, Inc. ("NAA") alleges that Defendants advertised, marketed, offered and displayed for sale goods such as artwork, crafts, jewelry, dolls, and pottery on a website. NAA alleges that Defendants falsely suggested that the goods were made by Native Americans. NAA further alleges that

1

Defendants distributed catalogs, brochures, and sales literature that falsely suggested that the goods were made by Native Americans. NAA claims that Defendant Specialty Merchandise Corporation ("SMC") is the manufacturer, wholesaler and supplier of the goods. Defendant Lisa Cdebaca d/b/a Lisa's Gifts ("Lisa's Gifts"), Defendant Enchanted Gift Gallery ("EGG"), and Defendant J'Lynne Gifts Direct, Inc. ("Lynne") allegedly operate internet retail establishments that displayed and sold goods while falsely suggesting that the goods were made by Native Americans. Lisa's Gifts, EGG and Lynne also allegedly sold some of SMC's goods. NAA brought the instant action pursuant to the Indian Arts and Crafts Enforcement Act of 2000, 25 U.S.C. § 305 *et seq.* Defendants have filed a motion to dismiss and in the alternative a motion to transfer.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In order to transfer a case pursuant to 28 U.S.C. § 1404(a) the transferor court must first find that: 1) venue is proper in the transferor district, *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986)(stating that a court "in which suit is filed with proper venue" may transfer an action pursuant to § 1404(a)), and 2) venue is proper in the transferee district, *see* 28 U.S.C. § 1404(a)(stating that transfer can only be made to

a district in which the action "might have been brought").

## DISCUSSION

Defendants argue that the instant action should be transferred to the Central District of California. If venue is proper in both the transferor and transferee districts, the transferor court should then consider: 1) the choice of forum by plaintiff, *Federal Deposit Ins. Corp. v. Citizens Bank and Trust Co. of Park Ridge, Ill*, 592 F.2d 364, 368 (7th Cir.1979), 2) the convenience of the parties, *Coffey*, 796 F.2d at 220 n. 3, 3) the convenience of the witnesses, *Id.* and 4) the interest of justice. *Id.* The movant bears the burden of establishing that the transferee district is "clearly more convenient." *Id.* at 219-20.

In considering whether to transfer an action, the court should "give some weight to the plaintiff's choice of forum." *Federal Deposit Ins. Corp.*, 592 F.2d at 368; *see also Heller Financial, Inc. v. Midwhey Powder Co., Inc*, 883 F.2d 1286, 1294 (7th Cir. 1989)(stating that "some weight must be given to [a plaintiff's] choice of forum"). A transfer pursuant to 28 U.S.C. § 1404(a) should not merely "shift the convenience from one party to another," and the choice of a forum by a plaintiff should not be "lightly . . . disturbed." *Warshawsky & Co v. Arcata Nat'l Corp*, 552 F.2d 1257, 1259 (7th Cir. 1977); *see also Heller Financial, Inc.*, 883 F.2d at 1294(expressing concern that a transfer would merely shift the inconvenience to the plaintiff). However, whenever the plaintiff and defendant are in different states,

there will inevitably be an inconvenience to one side. *In re National Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003). When the potential inconvenience to the plaintiff and defendant are comparable "the tie is awarded to the plaintiff. . . . ." *Id.; see also Heston v. Equifax Credit Info. Servs. LLC,* 2003 WL 22243986, at *1 (N.D.Ill. 2003)(stating that plaintiff's choice of forum is given less weight if the case has no "significant connection to the chosen forum. . . .").

I. Proper Venue and Plaintiff's Choice of Forum

Defendants argue that venue is proper in the instant district and in the Central District of California. Pursuant to 28 U.S.C. § 1391, "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391. Certain events giving rise to NAA's claim occurred in Illinois and thus, Illinois is a proper venue for the instant action. However, venue is also proper in the Central District of California where a substantial amount of the events occurred that gave rise to the claims in the instant action. Thus, venue is proper in the transferor and transferee districts for the

4

instant action. NAA, as the plaintiff has chosen the instant venue, but such a choice is not dispositive. *Federal Deposit Ins. Corp.*, 592 F.2d at 368.

## II. Convenience of the Parties and Witnesses

Defendants argue that the convenience of the parties would be better served if the instant action was transferred. SMC contends that all of its employees and virtually all of its former employees that would be potential witnesses in the instant action reside in California and none of them reside in Illinois. The party Defendants are also located in California and would all have to travel to Illinois along with counsel to defend against the claims in the instant action. NAA points to its witnesses, that reside in Illinois, but NAA has failed to show that there will be more than a few such witnesses as opposed to the myriad of witnesses that reside in California. NAA has not shown that to pursue the instant action in California would be a hardship to NAA. In addition, the site of the majority of the events that are the bases of the instant action occurred in California. SMC's business operations, and all of its records that will be evidence in the instant action are located in California. Therefore, the convenience of the parties would best be served if the instant action is transferred.

## III. Interest of Justice

Defendants argue that the interest of justice would be best served if the instant

action was transferred. In addressing the interest of justice factor, a court may consider: 1) whether a transfer promotes the "efficient administration of justice," 2) whether the action could be consolidated with other actions in the transferee district, 3) whether the judges in the transferee district are more familiar with the pertinent state law, 4) whether jurors in a particular district have a "financial interest in [the] case," and 5) which district would have jurors that could "best apply community standards." *Coffey*, 796 F.2d at 220-21, 221 n. 4. The court should also consider whether the transferee district has a lighter docket than the transferor district. *In re National Presto Indus., Inc.*, 347 F.3d at 663. In addressing the interest of justice factor the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221. The interest of justice factor does not involve a consideration of the merits of the plaintiff's claim. *Id.*

A transfer of the instant action would promote the efficient administration of justice because the records and witnesses would be readily available to the court without the risk of unnecessary delays due to difficulties with travel of documents and persons to Illinois. Defendants' witnesses and representatives would have less difficulty participating in the instant action without the disruption of their other commitments if the action were in California and thus delays resulting from the need to schedule the appearance of such persons would be less likely as well. Therefore, the interest of justice would best be served if the instant action was transferred.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to transfer the instant action to the Central District of California. All other motions are denied as moot.

                                          Samuel Der-Yeghiayan
                                          United States District Court Judge

Dated: September 29, 2005